Nicole C. Andersen (State Bar No. 281218)
**NELSON & FRAENKEL LLP**
601 S. Figueroa St., Suite 2500
Los Angeles, CA 90017
Tel.: 213-622-6469
Fax: 213-622-6019
Email: nandersen@nflawfirm.com

Erin R. Applebaum (Pro Hac Vice Applicant)
Taylor Sandella (Pro Hac Vice Applicant)
**KREINDLER & KREINDLER, LLP**
485 Lexington Avenue
New York, NY 10017
Tel:.212-687-8181
Email: eapplebaum@kreindler.com
Email: tsandella@kreindler.com

*Attorneys for Plaintiff Charu Tomar*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARU TOMAR, individually<br><br>Plaintiff,<br><br>vs.<br><br>AIR INDIA LIMITED, AND DOES 1 – 10.<br><br>Defendants. | CASE NO.:<br><br>**PLAINTIFF CHARU TOMAR'S COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHARU TOMAR, by her attorneys KREINDLER & KREINDLER LLP and NELSON & FRAENKEL LLP, as and for her complaint against Defendant, AIR INDIA LIMITED, alleges the following upon information and belief:

**PARTIES**

1. Plaintiff, CHARU TOMAR, is an individual and resident of Austin, Texas.

2. Defendant, AIR INDIA LIMITED (hereinafter "AIR INDIA"), is a foreign corporation authorized to do business in the State of California.

3. At all times mentioned herein, Defendant, AIR INDIA, was and is a common carrier engaged in the business of transporting passengers for hire by air.

4. Defendant, AIR INDIA, holds a Foreign Air Carrier Permit issued by the United States Department of Transportation that authorizes it to conduct regularly scheduled international flights to and from the United States of America.

**JURISDICTION AND VENUE**

5. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

6. Subject matter jurisdiction is proper under Article 33(1) of the Montreal Convention because:

   a) Plaintiff's place of destination was located within the territory of a state party to the Convention, the United States of America;

   b) Plaintiff's principal and permanent place of residence was at the time of the Accident and remains the United States of America and Defendant AIR INDIA operates services for carriage of passengers by air either on its own aircraft or another's carrier

aircraft pursuant to a commercial agreement to or from the United States of America, and Defendant AIR INDIA conducts its business of carriage of passengers by air from premises leased or owned by Defendant or by another carrier with which they have a commercial agreement.

7. This Court maintains personal jurisdiction over Defendant, AIR INDIA, pursuant to Fed. R. Civ. P. 4(k)(2), because AIR INDIA has offices and transacts business within the State of California and operates regularly scheduled flights to and San Francisco International Airport (SFO) and Los Angeles International Airport (LAX), both in the State of California.

8. Exercise of specific personal jurisdiction under Fed. R. Civ. P. 4(k)(2) as to Defendant, AIR INDIA, is consistent with due process, and in particular with the Fifth Amendment to the United States Constitution, because AIR INDIA maintains sufficient minimum contacts with the United States as a whole such that the maintenance of this suit is reasonable, and does not offend traditional notions of fair play and substantial justice.

9. Specifically, AIR INDIA purposefully avails itself of the privilege of conducting business in the American market through the following:

a. By operating regularly-scheduled daily flights into and out of the United States under the authority of a Foreign Air Carrier Permit (as amended), issued by the United States Department of Transportation.

b. By registering to do business as a foreign corporation with the California Secretary of State and having a registered agent in California, located at 416 W San Ysidro Blvd, L-1958, San Ysidro, CA 92173.

3

Plaintiff Charu Tomar's Complaint for Damages and Demand for Jury Trial

c. By transporting thousands of passengers weekly aboard its own aircraft to and from the United States in general, and the State of California including San Francisco International Airport (SFO) and Los Angeles International Airport (LAX), in particular, both through direct flights and through connections with codeshare partners.

d. By owning and/or leasing real property generally within the United States and particularly within the State of California.

e. By maintaining commercial bases for operations and physical offices at several United States airports, including at San Francisco International Airport (SFO) and Los Angeles International Airport (LAX), both in the State of California.

f. By employing numerous individuals to carry out its business purposes generally within the United States, and particularly within the State of California.

g. By engaging in the direct sale of airline tickets to citizens and residents of the United States, both in person and directly through its corporate website.

h. By operating ticketing offices in California, including at 5757 West Century Blvd, Suite 303, Los Angeles, CA 90045 and at San Francisco International Airport (SFO), San Francisco, CA 94128, Room I-3M-048.

i. By contracting with U.S. entities for ramp and towing service, cargo and baggage handling, catering and food preparation, and aircraft cleaning services, both generally within the United States and particularly within the State of California, making it subject to the laws of the United States with respect to those contractual relationships.

j. By engaging in business activities in the United States, including substantial and

ongoing transactions in the State of California, amounting to millions of dollars annually.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 *et seq.* because a substantial part of the events and/or omissions giving rise to these claims occurred in this judicial district, and/or Defendant is subject to this court's personal jurisdiction with respect to the instant action.

## FACTS OF THE CLAIM

11.     On September 20, 2023, Plaintiff, CHARU TOMAR, was traveling from Delhi Airport (DEL) in New Delhi, India, to San Francisco International Airport (SFO) in San Francisco, California, on the return leg of a round-trip international itinerary.

12.     On September 20, 2023, Defendant, AIR INDIA, operated a flight designated as Air India Flight 173 from Delhi Airport (DEL) in New Delhi, India, to San Francisco International Airport (SFO) in San Francisco, California (the "subject flight").

13.     On September 20, 2023, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by the Defendant, AIR INDIA.

14.     On or prior to September 20, 2023, Defendant, AIR INDIA, employed a flight crew responsible for the safe and secure operation of the subject flight as well as the safety and wellbeing of its passengers.

15.     On or prior to September 20, 2023, Defendant, AIR INDIA, was responsible for the training, management, supervision, and/or control of the flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

16.     On September 20, 2023, Plaintiff, CHARU TOMAR, was a fare-paying passenger lawfully aboard the subject flight.

17.     On September 20, 2023, Plaintiff, CHARU TOMAR, was injured as the result of an "Accident" under Article 17 of the Montreal Convention because her injuries were caused by an unexpected or unusual event or occurrence external to her, and not by her own

5
Plaintiff Charu Tomar's Complaint for Damages and Demand for Jury Trial

internal reaction to the ordinary operation of the aircraft.

18. Specifically, Plaintiff, CHARU TOMAR, was injured when a member of Defendant's flight crew dropped a hot water kettle and spilled scalding water directly onto Plaintiff's right leg ("the Accident").

19. Then, Defendant's flight crew removed Plaintiff's pants, causing the top layer of the skin on her right leg to be peeled off along with the pant leg.

20. As a result of the scalding water making contact with Plaintiff, CHARU TOMAR, Plaintiff suffered extremely painful second-degree burns covering most of her lower right leg which ultimately caused permanent scarring.

21. Plaintiff, CHARU TOMAR, also sustained severe mental injuries, including post-traumatic stress disorder (PTSD).

## COUNT I: BODILY INJURY
## UNDER ARTICLE 17 OF THE MONTREAL CONVENTION

22. As a direct and proximate result of the aforesaid Accident, Plaintiff, CHARU TOMAR, was seriously injured.

23. As a direct and proximate result of the aforesaid Accident, Plaintiff, CHARU TOMAR, was permanently injured.

24. As a direct and proximate result of the aforesaid Accident, Plaintiff, CHARU TOMAR, suffered great pain, suffering, and mental anguish, and in the future shall continue to suffer from same.

25. As a direct and proximate result of the aforesaid Accident, Plaintiff, CHARU TOMAR, was forced to expend great sums of money on medical treatment and in the future shall continue to expend sums of money on same.

26. As a direct and proximate result of the aforesaid Accident, Plaintiff, CHARU TOMAR, was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

27. As a direct and proximate result of the foregoing, Defendant, AIR INDIA, is liable to pay full, fair and reasonable damages to Plaintiff, CHARU TOMAR, pursuant to the

Montreal Convention.

28.   The Accident was solely due to the negligence or other wrongful act(s) or omission(s) of Defendant, AIR INDIA or its servants or agents including but not limited to its own flight attendant; because no contributory negligence is attributable to Plaintiff, Defendant, AIR INDIA, cannot meet its burden under Article 20 of the Montreal Convention.

29.   The Accident was solely due to the negligence or other wrongful act(s) or omission(s) of Defendant, AIR INDIA or its servants or agents including but not limited to its own flight attendant, and thus Defendant, AIR INDIA, cannot meet its burden under Article 21(2)(a) of the Montreal Convention.

30.   The Accident was solely due to the negligence or other wrongful act(s) or omission(s) of Defendant, AIR INDIA or its servants or agents including but not limited to its own flight attendant, and thus Defendant, AIR INDIA, cannot meet its burden under Article 21(2)(b) of the Montreal Convention.

**WHEREFORE**, Plaintiff, CHARU TOMAR, hereby demands judgment against Defendant, AIR INDIA LIMITED, in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general and special damages according to proof;
2. For personal injury damages and property damages according to proof;
3. For economic damages;
4. For prejudgment interest to the extent allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court may deem proper.

Date: September 16, 2025.                    NELSON & FRAENKEL, LLP


               By: /s/ Nicole C. Andersen
                  Nicole C. Andersen

               KREINDLER & KREINDLER LLP


               By: /s/ Erin R. Applebaum
                  Erin R. Applebaum (Pro Hac Vice Applicant)
                  Taylor Sandella (Pro Hac Vice Applicant)

               *Attorneys for Plaintiff Charu Tomar*

## JURY TRIAL DEMAND/REQUEST

Plaintiff hereby requests and demands a trial by jury on all claims so triable.

Date: September 16, 2025.                    NELSON & FRAENKEL, LLP


               By: /s/ Nicole C. Andersen
                  Nicole C. Andersen

               KREINDLER & KREINDLER LLP


               By: /s/ Erin R. Applebaum
                  Erin R. Applebaum (Pro Hac Vice Applicant)
                  Taylor Sandella (Pro Hac Vice Applicant)

               *Attorneys for Plaintiff Charu Tomar*